UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MERCEDES LIMEUX, Individually and as Administratrix of the Estate of ARYHOUN AKEEN SMITH, JR., and as Natural Tutrix on behalf of AUTUMN MILAN SMITH and MAHKI BERTRAND LIMEUX, and ARYHOUN AKEEN SMITH, SR.<br><br>v.<br><br>THE MAY COMPANY, LLC, and ARTSANA U.S.A., INC. d/b/a CHICCO, CHICCO USA, INC., ARTSANA GROUP and ARTSANA SPA d/b/a ARTSANA GROUP | NUMBER: 2:23-cv-00190<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE |

**ORDER AND REASONS**

The Court has before it Defendant The Boppy Company, LLC's ("Boppy") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 6. Plaintiff has responded in opposition. R. Doc. 10. Having considered the parties' memoranda, exhibits, and the applicable law, the Court rules as follows.

I.     BACKGROUND

This case arises from the tragic death of an infant. On May 13, 2019, while at daycare, younger than three-month-old Aryhoun Akeen Smith, Jr., was placed in an infant lounger sold by Boppy and died of suffocation. R. Doc. 1-3 at 16. Over two years later, on September 23, 2021, the United States Consumer Product Safety Commission ("CPSC") issued a recall of all Boppy

Newborn Loungers after eight infants died of suffocation in them between 2015 and 2020.[1] Within one year of the date of recall, on September 22, 2022, Plaintiffs filed this suit. R. Doc. 1-3 at 1. Boppy now moves to dismiss pursuant to FRCP 12(b)(6), arguing that Plaintiffs' claims are prescribed under Louisiana law as having been filed beyond the one-year prescriptive period because Plaintiffs' suit was filed over a year after baby Smith's death. R. Doc. 6. On the other hand, Plaintiffs argue that the prescriptive period was suspended under the doctrine of *contra non valentem* until the date on which they became aware of the recall, rendering their suit filed within the one-year prescriptive period. R. Doc. 10.

II. APPLICABLE LAW

Under Rule 12(b)(6), a defendant may seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a 12(b)(6) motion, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). However, a court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). When a complaint on its face shows a

---

[1] https://www.cpsc.gov/Recalls/2021/The-Boppy-Company-Recalls-Over-3-Million-Original-Newborn-Loungers-Boppy-Preferred-Newborn-Loungers-and-Pottery-Barn-Kids-Boppy-Newborn-Loungers-After-8-Infant-Deaths-Suffocation-Risk

bar to relief, then dismissal is appropriate. *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009). Accordingly, when a petition is barred on its face due to a statute of limitation (or, as here, a prescriptive period) then dismissal under 12(b)(6) is proper. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### III.  DISCUSSION

A federal court sitting in diversity must apply state law to issues of prescription. *Calhoun v. Ford*, 625 F.2d 576, 577 (5th Cir. 1980); *see also Mullen v. Sears, Roebuck, & Co.*, 887 F.2d 615 (5th Cir. 1989) (holding that Louisiana code articles regarding prescription apply in a removed diversity case). Under Louisiana law, a delictual action is subject to a liberative prescriptive period of one year that usually commences to run from the day the injury or damage is sustained. LA. CIV. CODE art. 3492. A negligence claim is delictual in nature and is subject to a one-year prescriptive period. *Hayes v. United States*, No. 17-3841, 2018 WL 705876 *2 (E.D. La. Feb. 5, 2018) (citing *Copeland v. Wassertein, Perella & Co.*, 278 F 472, 478 (5th Cir. 2002). The same is true for claims under the Louisiana Products Liability Act ("LPLA"). *Reddick v. Medtronic, Inc.*, 2020 WL 2759077 (E.D. La. 2020). "Similarly, survival and wrongful death actions are subject to a prescriptive period of one year from the date of death." *Ellis v. Evonik Corp.*, No. 21-1089, 2022 WL 1719196, at *3 (E.D. La. May 27, 2022) (citing LA. CIV. CODE art. 2315.1(A) (governing survival actions); LA. CIV. CODE art. 2315.2(B) (governing wrongful-death actions)). Accordingly, a one-year prescriptive period applies to all of Plaintiffs' claims.

This being the case, Boppy asserts that Plaintiffs' claims are prescribed on the face of the complaint, as it was filed over one year after baby Smith's death. R. Doc. 6 at 4. In opposition, Plaintiffs argue that at the 12(b)(6) stage, they have adequately pleaded that they lacked any

actual or constructive notice of their instant product liability claim until the CPSC's recall of the Boppy Loungers.

Under Louisiana law, pursuant to the doctrine of *contra non valentem,* prescription does not run against a claimant who is ignorant of the existence of facts that would entitle him to a cause of action, provided that his ignorance is not willful, negligent or unreasonable. *See, e.g.*, *White v. West Carroll Hospital, Inc.,* 613 So.2d 150, 155–56 (La.1992); *Corsey v. State, Through Department of Corrections,* 375 So.2d 1319, 1321 (La.1979). Under *contra non valentem*, four exceptions to liberative prescription exist: (1) where there was a legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition or matter coupled with the proceedings which prevented a creditor from suing or acting; (3) where the defendant has done some act to prevent the plaintiff from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. *Daigle v. McCarthy*, 238 F. App'x. 1, 3 (5th Cir. 2007). Only the fourth exception is relevant in this matter: Plaintiffs argue that they have adequately pled that the cause of action they now bring against Boppy was not known or reasonably knowable by them until the date of the CPSC recall.

In their petition, Plaintiff alleged that they were "were unaware of the defect in the Boppy Lounger and first learned of the defect at some date after the United States Consumer Product Safety Commission instituted a recall of all Boppy Loungers on or about September 23, 2021[,]" and that they "had no means to determine such a defect existed prior to the U.S. Consumer Products Safety Commission recall." R. Doc. 1-3 at 16. At the 12(b)(6) stage, taking the allegations of the complaint as true and viewing them in the light most favorable to the Plaintiff,

these statements sufficiently allege that Plaintiff's cause of action against Boppy was not known or reasonably knowable by Plaintiffs until September 23, 2021. Thus, at the 12(b)(6) stage Plaintiffs have adequately alleged that *contra non valentem* applies here and that their claims, filed on September 22, 2022, is not prescribed under Louisiana law.

The Court notes that it expresses no opinion at this time on whether Plaintiffs' claims are in fact prescribed; the Court holds only that Plaintiffs have pleaded sufficiently that they are not prescribed in order to survive review under Rule 12(b)(6).

## IV.    CONCLUSION

For the foregoing reasons, Boppy's Motion to Dismiss is hereby **DENIED**.

New Orleans, Louisiana, this 22nd day of May, 2023.

_____
United States District Judge